IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason Russell Sullivan, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:21-cv-1194-BHH |
| v. ) | |
| ) | |
| Publix Super Markets, Inc., Beasley ) | |
| Funeral Home Melvin Davis, Greenville ) | **ORDER** |
| Memorial Hospital, John Abdalla, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon the *pro se* complaint filed by Plaintiff Jason Russell Sullivan ("Plaintiff" or "Sullivan"). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On June 8, 2021, Magistrate Judge Kevin F. McDonald issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court decline to give Plaintiff leave to amend and instead dismiss this action without prejudice and without issuance and service of process, and that the Court deem this action a "strike" pursuant to 28 U.S.C. § 1915(g). Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. On June 28, 2021, Plaintiff filed objections to the Magistrate Judge's Report.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court

is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

In his Report, the Magistrate Judge first summarized the nature of Plaintiff's claims and noted that Plaintiff's pleadings were entitled to liberal construction due to his *pro se* status. Next, the Magistrate judge explained that this case is one of three filed by Plaintiff regarding the same alleged conspiracies and constitutional violations. *See Sullivan v. Styles, et al.*, No. 6:21-cv-283-BHH (D.S.C.) (Report adopted without objections, ultimately dismissing complaint with prejudice and deeming the dismissal a "strike" for purposes of 28 U.S.C. § 1915(g)); *Sullivan. v. Publix Supermarkets, Inc., et al.*, No. 6:20-cv-3833-BHH (D.S.C.) (Report pending recommending dismissal).

After considering Plaintiff's claims, the Magistrate Judge found this action subject to dismissal for lack of subject matter jurisdiction. The Magistrate Judge explained that Plaintiff's complaint does not allege jurisdiction based upon 42 U.S.C. § 1983 and does not allege any other federal question. Additionally, the Magistrate Judge explained that diversity jurisdiction does not exist because Plaintiff is a resident of South Carolina and at

2

least one of the Defendants, John Abdalla, is also a South Carolina resident.  Finally, the Magistrate Judge explained that Plaintiff cannot cure the defects identified by amending the complaint, and thus, the Magistrate Judge recommended that the Court decline to grant Plaintiff automatic leave to amend his complaint.

In his objections to the Magistrate Judge's Report, Plaintiff alleges that the Magistrate Judge rearranged his words and took them out of context, and Plaintiff asserts that he never filed this complaint under § 1983.  In contrast to Plaintiff's allegations, however, the Magistrate Judge specifically stated that Plaintiff's complaint was not based upon § 1983.  (*See* ECF No. 14 at 4.)

Next, Plaintiff essentially rehashes his claims and asserts that the Magistrate Judge lied about what was stated in his complaint.  Importantly, however, nowhere does Plaintiff specifically respond to or point out any error in the Magistrate's Judge determination that this Court lacks subject matter jurisdiction.  This action does not arise under § 1983, as both the Magistrate Judge and Plaintiff acknowledge, and Plaintiff's complaint does not allege any other basis of federal law to support a finding of federal question jurisdiction under 28 U.S.C. § 1331.  While Plaintiff summarily argues that Defendants violated his Fifth, Eighth, and Fourteenth Amendment rights, the named Defendants are not state actors subject to such constitutional claims. Moreover, while Plaintiff asserts that insurance fraud and forgery are federal crimes, Plaintiff cannot maintain a civil action seeking the imposition of criminal penalties. Additionally, with respect to diversity jurisdiction under 28 U.S.C. § 1332(a), Plaintiff does not dispute the Magistrate Judge's finding that complete diversity does not exist between the parties.

Overall, the Court finds Plaintiff's objections entirely without merit, and the Court

agrees with the Magistrate Judge that this action is subject to dismissal for lack of subject matter jurisdiction. **Accordingly, for the foregoing reasons, the Court adopts the Magistrate Judge's Report (ECF No. 14); overrules Plaintiff's objections (ECF No. 16); and dismisses this action without prejudice, without issuance and service of process, and without giving Plaintiff automatic leave to amend his complaint. Furthermore, the Court designates this action a "strike" pursuant to 28 U.S.C. § 1915(g).**

  **IT IS SO ORDERED.**

              /s/Bruce H. Hendricks
              United States District Judge

December 20, 2021
Charleston, South Carolina

***

**NOTICE OF RIGHT TO APPEAL**

  Plaintiff is hereby notified that any right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.